UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America,<br>          Plaintiff, | :<br>:<br>: |
| v. | :          3:12-cv-01661-WWE |
| | : |
| SAMIR ZAKY and<br>AFFILIATED PODIATRISTS, L.L.C.,<br>          Defendants. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is an action to recover monies that defendants wrongfully obtained from federal health care programs through false or fraudulent claims for payment. The government seeks a judgment holding defendant Samir Zaky liable for statutory civil penalties under the False Claims Act, 31 U.S.C. §3729 *et seq.*, arguing that, as a matter of law, Zaky's criminal conviction precludes him from denying in this civil action that he knowingly submitted false claims to Medicare. For the following reasons, the government's motion for partial summary judgment will be granted.

**BACKGROUND**

A criminal proceeding against Zaky, 3:12-cv-00239, in the United States District Court for the District of Connecticut occurred on November 27, 2012, when a grand jury returned a criminal indictment against Zaky charging him with 14 counts of health care fraud in violation of 18 U.S.C. § 1347, and 14 counts of false statements relating to a health care matter in violation of 18 U.S.C. § 1035.

Over the course of a 5 day trial in June 2013, the government introduced evidence to establish Zaky's criminal liability for submitting to Medicare fraudulent requests for payment of

the 14 avulsion services, including the testimony of several witnesses – a federal agent, a podiatrist who interviewed Zaky's patients, employees of the Centers for Medicare and Medicaid Services, an employee of Zaky's billing company, Zaky's patient, and podiatry experts – and extensive documentary evidence, including Medicare billing guidance, patient records and Medicare guidance seized from Zaky's house.

> At the conclusion of the criminal trial, the jury was instructed:
>
> In order to find the defendant guilty of health care fraud, the government must prove each of the following three elements beyond a reasonable doubt:
>
> First that there was a scheme to defraud in connection with the delivery of or payment for health care benefits, items, or services, as charged in the indictment;
>
> Second, that the defendant knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and
>
> Third, that the target of the scheme was a health care benefit program.

The court also instructed the jury at the conclusion of the criminal trial:

> In order to prove the defendant guilty of making a false statement with respect to a matter involving the delivery of health care benefits or services as charged in Counts 15 through 28 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, that the defendant made a statement or representation that was false, fictitious, or fraudulent as alleged in the indictment;
>
> Second, that the statement was made in connection with the delivery of or payment for health care benefits, items, or services;
>
> Third, that the statement was material;
>
> Fourth, that the statement was made with respect to a matter involving a health care benefit program…and
>
> Fifth, that the defendant acted knowingly and willfully.

On June 14, 2013, a jury found Zaky guilty of 14 counts of health care fraud in violation of 18 U.S.C. § 1347 and 14 counts of false statements relating to a health care matter in violation of 18 U.S.C. § 1035. In reaching its verdict, the jury was required to find, beyond a reasonable doubt, that Zaky intentionally submitted 14 claims for payment to Medicare, a federal health care program, for avulsion services when he knew that he had not, in fact, performed an avulsion as defined by Medicare on any of the 14 patients charged in the indictment.

On September 19, 2013, Judge Covello imposed judgment against Zaky based on the jury conviction.

Zaky filed a notice of appeal of the criminal conviction and sentencing on September 19, 2013. In his appeal of the criminal conviction and sentencing, Zaky challenged, among other things, the sufficiency of the evidence that the United States presented at trial. The panel of the Second Circuit issued a summary Order on August 21, 2014 finding all of Zaky's arguments without merit and affirming the judgment of conviction, sentence and order of restitution. On November 17, 2014, Zaky filed a petition for writ of certiorari to the Supreme Court challenging the Second Circuit's decision.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International

3

Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**False Claims Act**

The False Claims Act imposes liability on persons and companies who defraud governmental programs. The Act contains an estoppel provision that prevents defendants convicted in a criminal proceeding from denying the essential conduct for which they were convicted:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought [as a civil action under the False Claims Act].

31 U.S.C. § 3731(e).

Zaky was convicted, upon a verdict after trial, of fraud. The judgment against Zaky is final, as defined by the False Claims Act and the final judgment rule.[1] See 31 U.S.C. § 3731(e);

---

[1] The final judgment rule is typically used to determine the appealability of lower court decisions, whereby, "[i]n the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Haluch, 134 S.Ct. at 779.

see also Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers *et al*, 134 S.Ct. 773, 779 (2014).  Finally, the conduct for which Zaky was convicted is the same as that alleged in the instant complaint.  Accordingly, summary judgment will be granted on the government's claims that Zaky fraudulently billed Medicare for the 14 avulsion services at issue in violation of the False Claims Act.

Pursuant to the False Claims Act, the government is entitled to recover a minimum of $5,500 and a maximum of $11,000 per claim.  31 U.S.C. § 3729; 28 C.F.R. §85.3(a)(9).  Here, the government requests that the Court impose the maximum civil penalty for a total of $154,000, as Zaky's scheme was intricate and systematic.  Zaky testified at trial that he performed all partial avulsions the same way over the course of more than a decade.  Moreover, Zaky has not accepted responsibility for his actions and continues to maintain that he has complied with the law.  Accordingly, the Court will enter judgment against Zaky on the 14 avulsion claims for which he was convicted, in the amount of $154,000.

## CONCLUSION

For the foregoing reasons, the government's motion for partial summary judgment [Doc. # 50] is GRANTED.  Samir Zaky is liable for statutory civil penalties pursuant to the False Claims Act in the amount of $154,000.

Dated this 30th day of July, 2015, at Bridgeport, Connecticut.


       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE